UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON J. LEFTRIDGE, JR.<br>*Plaintiff*,<br><br>v.<br><br>TERESA DREW, *et al.*,<br>*Defendants*. | No. 3:16-cv-01468 (JAM) |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Vernon Leftridge, Jr., has filed this federal civil rights action for money damages pursuant to 42 U.S.C. § 1983. Because the complaint does not allege any misconduct that occurred within the statute of limitations that governs a claim under § 1983, I will dismiss the complaint without prejudice to plaintiff's right to seek relief on any state law claims in state court.

**BACKGROUND**

On August 25, 2016, plaintiff filed this *pro se* complaint against defendants Teresa Drew, Kenisha Wiggins, and four "John Doe" defendants. As best as I can tell from the somewhat murky allegations of the complaint, Teresa Drew is or was an official or attorney with the State of Connecticut in some connection with alimony proceedings involving plaintiff. Kenisha Wiggins is alleged to be a non-state actor who was sued by plaintiff in 2004 for child support and custody. *See Leftridge v. Wiggins*, 157 Conn. App. 213, 218 (2015) (describing child support dispute in 2010 between plaintiff and Wiggins and referencing Drew as a support enforcement officer).

The first count of the complaint alleges a claim for "breach of contract," and alleges in part that "on or about August 27, 2011, Teresa Drew illegally used her office to breach

1

plaintiff['s] contract and violated the plaintiff['s] rights, under color of law." Doc. #1 at 3. According to the complaint, Wiggins worked in concert with Drew to violate plaintiff's rights. *Ibid.* The second count of the complaint alleges a claim for "defamation" to the effect that defendants destroyed plaintiff's credit record. *Id.* at 4. The third count of the complaint alleges a claim for "retaliation," and alleges that "[d]efendant Teresa Drew represented [plaintiff] in 2007-2008 in her official state capacity" against plaintiff's former spouse for alimony but that Drew retaliated in some unspecified manner against plaintiff after she learned that plaintiff had filed a complaint against one of Drew's co-workers. *Id.* at 4. Plaintiff seeks damages for pain and suffering as well as $3 million of punitive damages. *Id.* at 5.

## DISCUSSION

It is well established that "pro se complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of America.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir.2010) (discussing special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same).

This Court has authority to review and dismiss a *pro se* complaint that fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As the Second Circuit has made clear, a dismissal pursuant to § 1915(e)(2)(B) may be appropriate not only if a complaint manifestly fails to state a claim for relief but also if it is clear that the plaintiff has alleged a cause of action that is time-barred by the statute of limitations. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995).

Here, plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which is subject to a three-year statute of limitations. *See, e.g.*, *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d. Cir. 1994). The complaint was filed in August 2016 but does not allege any misconduct that occurred more recently than 2011. Nor does the complaint allege any facts to suggest that the nature of the alleged misconduct amounts to a continuing violation or that extraordinary circumstances warrant the tolling of the limitations period. *See, e.g.*, *Pino*, 49 F.3d at 54 (noting that "a dismissal under section 1915(d) based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than five years before the filing of the complaint-well outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights") (citation omitted). Accordingly, it is clear from the face of the complaint that plaintiff's claim under § 1983 is barred by the statute of limitations.

The complaint also alleges claims for breach of contract, defamation, and retaliation. Because these causes of action arise under state law, the Court may exercise jurisdiction over these claims only if plaintiff and defendants were citizens of different states. *See* 28 U.S.C. § 1332 (federal diversity jurisdiction statute). The complaint alleges, however, that both plaintiff and defendants have addresses in Connecticut; they are therefore presumptively all citizens of Connecticut, such that federal diversity jurisdiction does not exist for any of plaintiff's state law claims.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that plaintiff's federal law claim under 42 U.S.C. § 1983 is

barred by the statute of limitations and that any remaining state law claims are not otherwise subject to the Court's exercise of federal diversity jurisdiction.

This order of dismissal is without prejudice to plaintiff's filing of a motion for reconsideration and an amended complaint by February 9, 2017, if he has any grounds to believe that his complaint pursuant to § 1983 is not barred by the three-year statute of limitations. In addition, this order of dismissal is without prejudice to plaintiff's right to seek any available relief in the state courts of Connecticut. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 9th day of January 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge